UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRINA TANSIL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:05-CV-210 CAS |
| | ) |
| SUSAN MEREDITH, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendants Susan Meredith and Unknown Does' motion to dismiss plaintiff Trina Tansil's complaint for failure to state a claim upon which relief can be granted. Tansil did not file a response. For the following reasons, the Court will grant defendants' motion to dismiss.

**Background**

Tansil filed this action against defendants in their individual capacity under 42 U.S.C. § 1983 as a <u>Bivens</u> action. The complaint alleges that Susan Meredith, an Internal Revenue Service ("IRS") agent, issued a fraudulent Notice of Levy Order pursuant to 26 U.S.C. § 6331 to Tansil's employer and Tansil's employer complied with the levy and garnished her wages. (Am. Compl. ¶¶ 13-14). The complaint states that the Notice of Levy was fraudulent because only federal employees are subject to levy under § 6331. (Am. Compl. ¶ 19). Tansil asserts that her right to be free from unreasonable search and seizures under the Fourth Amendment and right to due process under the Fifth and Fourteenth Amendments were violated, and that the Notice of Levy purposely omitted reference to 26 U.S.C. § 6331(a) on its reverse side. (Am. Compl. ¶¶ 16-19).

Defendants[1] filed this motion to dismiss for the following reasons: (1) plaintiff's claim that her non-federal salary is exempt from levy fails to state a claim upon which relief can be granted; (2) plaintiff cannot maintain an action under § 1983 because she has not alleged the defendants acted under color of state law; and (3) plaintiff cannot bring a Bivens action against defendants in their individual capacity because she has alternative remedies available. Plaintiff did not respond to defendants' motion to dismiss.

**Standard**

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. A complaint shall not be dismissed for failure to state a claim for which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim entitling her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of her claim. Id.; see also Neitzke v. Williams, 490 U.S. 319, 327 (1989). When ruling on a motion to dismiss, this Court must take the allegations of the complaint as true and liberally construe the complaint in a light most favorable to the plaintiff. Kottschade v. City of Rochester, 319 F.3d 1038, 1040 (8th Cir.), cert. denied, 540 U. S. 825 (2003). The Court is, however, "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." Wiles v. Capitol Indem. Corp., 280 F.3d 868, 870 (8th Cir. 2002).

**Discussion**

Plaintiff's amended complaint is based on the garnishment of her wages by the IRS, pursuant to 26 U.S.C. § 6331(a). Plaintiff asserts that the garnishment was fraudulent because a Notice of

---

[1] The Department of Justice entered its appearance on behalf of Agent Meredith and the Unknown Does, who Tansil identifies only as IRS employees. (See Am. Compl. ¶ 23).

2

Levy under § 6331(a) only applies to federal employees and she is not a federal employee. (Am. Compl. ¶ 8). Defendants assert that plaintiff's interpretation of the statute is incorrect as a matter of law, therefore, her claims should be dismissed. The statute at issue provides:

> If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax . . . by levy upon all property rights to property belonging to such person . . . Levy may be made upon the accrued salary or wages of any officer, employee, or elected official, of the United States, the District of Columbia, or any agency or instrumentality of the United States or District of Columbia, by serving a notice of levy on the employer . . . of such officer, employee, or elected official.

26 U.S.C. § 6331(a). The plain language of the statute states that it applies to "any person." The United States Supreme Court has clarified that the reference to federal employees was included "to subject the salaries of federal employees to the same collection procedure as are available against all other taxpayers . . . ." Sims v. United States, 359 U.S. 108, 113 (1959). Plaintiff cannot sustain an action regarding a fraudulent Notice of Levy, because all taxpayers are subject to levy and distraint under § 6331. Accordingly, plaintiff's complaint should be dismissed for failure to state a claim upon which relief can be granted.

Alternatively, plaintiff cannot maintain an action under § 1983 because she has not alleged that the federal defendants acted under color of state law. Section 1983 generally concerns only deprivations of constitutional rights by persons acting under color of state law. See District of Columbia v. Carter, 409 U.S. 418, 424 (1973). Federal officials who act jointly with state or local officials, however, may act under color of state law for purposes of § 1983 liability. See, e.g., Hampton v. Hanrahan, 600 F.2d 600, 623 (7th Cir. 1979) (where federal officials engaged in conspiracy with state officials to deprive constitutional rights, the entire conspiracy was actionable under § 1983), rev'd in part on other grounds, 446 U.S. 754 (1980); Kletschka v. Driver, 411 F.2d 436, 448 (2d Cir. 1969) (same). Plaintiff has not alleged any joint conduct or actions by the federal

defendants with any state or local officials. Therefore, plaintiff cannot maintain an action under § 1983 against the defendants.

Finally, plaintiff cannot maintain a Bivens action against the defendants. In Bivens, the Supreme Court recognized direct constitutional claims against federal officials acting in their individual capacities. Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971); Buford v. Runyon, 160 F.3d 1199, 1203, n.6 (8th Cir. 1998). "Bivens actions are implied causes of action for damages against government officials for constitutional violations where Congress has not specifically provided for such a remedy. The Supreme Court has allowed Bivens actions only in the absence of "special factors counseling hesitation in the absence of affirmative action by Congress." Schweiker v. Chilicky, 487 U.S. 412, 423 (1988) (quoting Bivens, 403 U.S. at 396). Bivens actions are not allowed where "the design of a government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of the program's administration." Carpenter's Produce v. Arnold, 189 F.3d 686, 688 (8th Cir. 1999) (citing Chilicky, 487 at 423).

"Congress has provided specific and meaningful remedies for taxpayers who challenge overzealous tax assessment and collection activities." Venes v. An Unknown Number of Identified Agents of U.S., 26 F.3d 1448, 1454 (8th Cir. 1994). A taxpayer may challenge an IRS levy of property in court, however, the taxpayer must exhaust administrative remedies offered by the IRS prior to bringing suit. See 26 U.S.C. § 7433(a) (a taxpayer may bring a civil action for damages regarding collections if an IRS employee recklessly, intentionally, or negligently disregards the IRS Code); 26 U.S.C. § 7433(d) (requires that a plaintiff in an action against the IRS exhaust administrative remedies within the IRS before judgment for damages can be issued). The tax code

4

provides adequate remedies for plaintiff, therefore she cannot maintain a <u>Bivens</u> action against defendants.

Therefore, for the foregoing reasons, the Court will grant defendants' motion to dismiss because plaintiff's complaint fails to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss is **GRANTED**.  [Doc. 26]

An appropriate order of dismissal will accompany this memorandum and order.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this <u>31st</u> day of May, 2005.